**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KHALID AWAN,<br><br>        Plaintiff,  pro se,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE et al.,<br><br><br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 10-1100 (BAH)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' RESPONSE TO THE MOTION TO COMPEL,
RESPONSE TO PLAINTIFF'S REQUEST FOR AN INDEX,
AND MOTION FOR PROTECTIVE ORDER**

Plaintiff Khalid Awan has filed a Motion to Compel (ECF No. 26) and a

"Response" to the Defendants' Reply in Support of Summary Judgment (ECF No. 27).

In the former, Mr. Awan seeks to compel Defendants to respond to certain interrogatories

that he submitted along with the motion (ECF No. 26 at 1-2), and in the latter, he moves

the Court for an order directing Defendants to prepare an index of the documents already

described in the declaration submitted by Mr. Hardy (ECF No. 27 at 1-2).  Both requests

should be denied for the reasons stated below.

**I.      Discovery is Inappropriate in this FOIA Case**

In a FOIA case, when an agency presents affidavits or declarations that are

"relatively detailed," non-conclusory, and submitted in good faith, "the district judge has

discretion to forgo discovery and award summary judgment on the basis of affidavits."

Goland v. Central Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978); see also

Meeropol v. Meese, 790 F.2d 942, 960-61(D.C. Cir. 1986) (finding "no reason to permit

discovery" where record supported summary judgment in favor of agency). Indeed,

district courts rarely permit discovery in FOIA cases. See, e.g., Baker & Hostetler LLP

v. U.S. Dept. of Commerce, 473 F.3d 312, 318 (D.C. Cir. 2006) (citing Schrecker v.

Dep't of Justice, 217 F. Supp. 2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and

should be denied where an agency's declarations are reasonably detailed, submitted in

good faith and the court is satisfied that no factual dispute remains.")).

The declaration submitted by Defendant FBI in this case was relatively detailed,

non-conclusory, and Mr. Awan has come nowhere near demonstrating bad faith. Mr.

Hardy's declaration describes in detail the search undertaken by FBI. As the D.C. Circuit

has repeatedly held, "the adequacy of a FOIA search is generally determined not by the

fruits of the search, but by the appropriateness of the methods used to carry out the

search." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003) (citing

Steinberg v. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994)). Mr. Awan has not

demonstrated that the search was conducted in bad faith or that the search was

unreasonable. Further, he has not offered any evidence that would overcome FBI's

relatively detailed, non-conclusory declarations pertaining to the search. Accordingly,

Mr. Awan's Motion to Compel should be denied, and the Court should enter a protective

order shielding them from Mr. Awan's discovery requests.

## II.     Plaintiff's Request that the Defendants Provide an Index Should be Denied Because FBI Adequately Described Exempted Documents.

In his Response to Defendants' Reply, Mr. Awan moves the Court for an order

"directing the Defendants to create a list of documents, describing each document located

by a general description and date of creation, and file location." ECF No. 27 at 2. Mr.

Awan further alleges that he is not able to respond to the arguments in the Motion for

Summary Judgment without such an index. This argument is erroneous. The declaration

provided by Mr. Hardy provides ample information about the located responsive

documents that would permit Mr. Awan to challenge the withholdings and redactions

made by FBI on documents that it located responsive to Mr. Awan's FOIA request.

For example, Mr. Hardy's declaration describes the number of documents and

type of information that was either produced, redacted or withheld under applicable

FOIA exemptions through a coded chart in the declaration, and indicates how many

pages of documents were redacted or withheld based on the coded category. See, e.g.,

Second Hardy Decl. at ¶¶ 44, 55-59 n.14 (explaining withholdings and redactions of

"names and identifying information of FBI Special Agents" based on Exemption 7(C)).

Similar declarations by Mr. Hardy have been found to be "sufficiently specific, detailed,

and separable to satisfy [FBI]'s burden[.]" Hodge v. Federal Bureau of Investigation, ---

F. Supp. 2d ----, ----, 2011 WL 532121, *8. Mr. Hardy's Declaration "provides "a

reasonable basis to evaluate [each] claim of privilege,'" and "because the function, and

not the form, of the index is dispositive, our Circuit has upheld similar agency

declarations coupled with coded categories[.]" Id. (citing Judicial Watch Inc. v. FDA,

449 F.3d 141, 146 (D.C. Cir. 2006); Keys v. Dep't of Justice, 830 F.2d 337, 349-50 (D.C.

Cir. 1987)). In Mr. Hardy's declaration he describes all responsive documents, and Mr.

Awan had the ability to challenge any and all withholdings and redactions made by FBI.

That he has not done so is his own failing, and should not be remedied by requiring the

FBI to create unnecessary documents in order to indulge further Mr. Awan's attempts to

tell FBI how and where to search for its own documents.

**III.    Conclusion**

Plaintiff's Motion to Compel (ECF No. 26) and a Motion for Index contained in

his "Response" to the Defendants' Reply in Support of Summary Judgment (ECF No. 27)

should be denied.


Dated:  May 27, 2011                          Respectfully submitted,

                                              RONALD C. MACHEN JR., D.C. Bar #447889
                                              United States Attorney
                                              for the District of Columbia

                                              RUDOLPH CONTRERAS, D.C. Bar # 434122
                                              Chief, Civil Division


                                              By:  __/s/_____
                                              TYLER J. WOOD
                                              Special Assistant United States Attorney
                                              555 4th St., N.W.
                                              Washington, D.C. 20530
                                              (202) 616-2257
                                              Tyler.Wood@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of May, 2011, a true and correct copy

of the above Defendants' Reply in Support of Motion for Summary Judgment was sent

via first class U.S. Mail, postage pre-paid to:


**KHALID AWAN**
R50959-054
MARION
U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
MARION, IL 62959


                                          ___/s/_____
                                          TYLER J. WOOD
                                          Special Assistant United States Attorney