UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| KHALID AWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-1100 (BAH) |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The Plaintiff has moved the Court to take judicial notice of two Supreme Court cases, which he asserts are "relevant to the issue of whether the FBI properly invoked exemptions under" the Freedom of Information Act or Privacy Act in this case. Mot. for Judicial Notice, ECF No. 23 [hereinafter Mot.].[1] Those cases are *Milner v. Department of the Navy*, 131 S. Ct. 1259 (2011), and *Federal Communications Commission v. AT&T Inc.*, 131 S. Ct. 1177 (2011). In his motion, the Plaintiff cites these cases in response to arguments made by the Defendants in their reply to the Plaintiff's opposition to the Defendant's dispositive motion. *See* Mot. Essentially, the Plaintiff is moving the Court for leave to file a surreply, in which the Plaintiff cites cases that he would like the Court to consider as binding authority. That motion will be granted.

---

[1] The Plaintiff gives his motion an unwieldy title: "Plaintiff's request that the Court take a judicial notice of recent Supreme Court's [sic] decisions in Milner v. United States Dep't of the Navy, 179 L.Ed. 2d 268 (2011) and Deral [sic] Communications Commission v. AT & T, 131 S.Ct. 1177 (2011) because both cases are relevant to the issue of whether the FBI properly invoked exemptions under FOIA/PA and highly relevant to the issue of the failure of the FBI to disclose the requested records." The Court will simply refer to this motion as the "Motion for Judicial Notice."

"Courts take judicial notice of law every time they cite a statute or judicial decision." *Getty Petroleum Marketing, Inc. v. Capital Terminal Co.*, 391 F.3d 312, 324 (1st Cir. 2001). "As a practical matter, in most cases, this law-gathering process flows smoothly without invoking the machinery of judicial notice . . . ." *Id.* In this case, for whatever reason, the Plaintiff has invoked that machinery. So be it: the Court will take judicial notice of those decisions.

The Court will grant leave to file a surreply where "the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). To the extent that the Plaintiff's motion responds to arguments made in the Defendant's reply, the Court construes it as a surreply and will grant leave to file that surreply.

Accordingly, it is hereby,

**ORDERED** that the Plaintiff's Motion for Judicial Notice is **GRANTED**; it is

**FURTHER ORDERED** that the Court takes judicial notice of the precedent provided by *Milner v. Department of the Navy*, 131 S. Ct. 1259 (2011), and *Federal Communications Commission v. AT&T Inc.*, 131 S. Ct. 1177 (2011); and it is

**FURTHER ORDERED** that the Plaintiff's Motion for Judicial Notice is also construed as a surreply for which leave to file is **GRANTED**.

**SO ORDERED** this 13th day of July, 2011.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge