UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1100 (BAH) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff commenced this case against the U.S. Department of Justice, the Federal Bureau of Investigation, and Attorney General Eric Holder under the Freedom of Information Act (FOIA). *See* Compl. for Injunctive Relief, ECF No. 1. The Defendants have moved for summary judgment. *See* Defs.' Mot. for Summ. J., ECF No. 19. The Plaintiff has since served discovery requests on the Defendants and now moves to compel the Defendants to respond. *See* Mot. to Compel Defs. to Ans. Discovery Requests, ECF No. 26 [hereinafter Pl.'s Mot.]. The Defendants have filed a cross-motion for a protective order. *See* Defs.' Resp. to the Mot. to Compl, Resp. to Pl.'s Request for an Index, and Mot. for Protective Order, ECF No. 29. The Plaintiff has since filed an additional motion, again asking the Court to compel a discovery response, but also asking for the Court to award Plaintiff expenses associated with the requested discovery, as well as asking the Court for an extension of time within which to file a supplemental opposition to the Defendants' dispositive motion once the discovery is received. *See* Mot. for an Extension of Time to File Supp. to Summ. J., ECF No. 30. The Plaintiff's motions will be denied; the Defendant's cross-motion for a protective order will be granted.

Ordinarily, discovery may not begin until the parties have conferred as required by Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Parties to "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision" are exempt from the Rule 26(f) conference.  Fed. R. Civ. P. 26(a)(1)(B)(iv), (f)(1).  In such cases, then, there is no prohibition on the immediate availability of discovery upon the commencement of the case.  *See, e.g.*, *Sigers v. Bailey*, No. 08-13298, 2009 WL 1585831, at *1 (E.D. Mich. June 4, 2009) ("[I]n a prisoner case, the parties are generally able to seek discovery before a scheduling conference.").  This is such a case.

According to the Advisory Committee notes on the 2000 amendments to Rule 26, cases brought by pro se, incarcerated parties were exempted from some of the provisions of Rule 26 because "there is likely to be little or no discovery" in such cases.  Notes of Advisory Committee on 2000 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 (discussing the addition of subdivision (a)(1)(E) to Rule 26, which is now found in subdivision (a)(1)(B)).  Therefore, although the exemption of pro se, incarcerated plaintiffs from the Rule 26(f) conference textually opens the door to immediate discovery, the same exemption reflects the policy that immediate discovery is likely neither appropriate nor necessary.

That policy is particularly relevant in FOIA cases: "Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed [and] submitted in good faith and [where] the court is satisfied that no factual dispute remains."  *Schrecker v. U.S. Dep't of Justice*, 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd* 349 F.3d 657 (D.C. Cir. 2003).  The only exception to this narrow scope of discovery in FOIA cases is where a plaintiff raises "a sufficient question as to the agency's good faith" in processing documents in response to a FOIA request.

*Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 2006 WL 1518964, at *3 (D.D.C. 2006). Plaintiff has alleged only that the Defendants have "vaguely alleged that certain searches have not been conducted . . . because they would be 'burdensome,' . . . that certain searches . . . are not routinely conducted, and . . . that certain documents located in response to his FOIA requests are exempt from disclosure as, *inter alia*, 'court documents.'" Pl.'s Mot. ¶ 4. Upon review of the declarations attached to the Defendants' dispositive motion, however, the Court concludes that those declarations are reasonably detailed. *See* 2d Decl. of David M. Hardy, ECF No. 19-2; Decl. of Catherine Gonzalez Gallego, ECF No. 19-6. The Plaintiff has made no allegations that those declarations were submitted in bad faith, nor does he dispute the facts asserted therein, nor does he allege that the Defendants acted processed his FOIA request in bad faith. *See* Pl.'s Mot. Therefore, discovery is not appropriate at this stage of the litigation.

Because discovery is not appropriate, the Court will deny the Plaintiff's motions to compel and grant Defendant's motion for a protective order. Because the Plaintiff's motions to compel will not be granted, the Plaintiff is not entitled to expenses associated with that discovery, Fed. R. Civ. P. 37(a)(5)(A), and there is no reason to extend the time for the Plaintiff to file a supplemental paper discussing that discovery. The Court will therefore also deny the Plaintiff's motion for expenses and an extension.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion to Compel Defendants to Answer Discovery Requests, ECF No. 26, is **DENIED**; and it is

**FURTHER ORDERED** that the Defendants' Response to the Motion to Compel, Response to Plaintiff's Request for an Index, and Motion for Protective Order, ECF No. 29, is **GRANTED**; it is

**FURTHER ORDERED** that the Plaintiff's Motion for an Extension of Time to File Supplement to Summary Judgment, ECF No. 30, is **DENIED**; and it is

**FURTHER ORDERED** that discovery shall be stayed until disposition of the Defendants' pending dispositive motion.

**SO ORDERED** this 13th day of July, 2011.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge