# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KHALID AWAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, et al. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 10-1100 (BAH) |

## MEMORANDUM OPINION AND ORDER

Plaintiff commenced this case against the U.S. Department of Justice, the Federal Bureau of Investigation, and Attorney General Eric Holder under the Freedom of Information Act (FOIA). *See* Compl. for Injunctive Relief, ECF No. 1. The Defendants have moved for summary judgment, claiming that several FOIA exemptions justify certain withholdings in their response to the Plaintiff's FOIA request. *See* Defs.' Mot. for Summ. J., ECF No. 19. The Plaintiff has since moved the Court to issue an order "directing the Defendants to create a list of documents, describing each document located by a general description and date of creation, and file location, in response to his FOIA request." Pl.'s Resp. to Defs.' Reply in Supp. of Mot. for Summ. J. ¶ 1, ECF No. 27 [hereinafter Mot.]. "Without such a list," the Plaintiff asserts that he "cannot fairly argue whether or not an exemption properly applies or whether or not an expanded search is appropriate." *Id.*

The Plaintiff thus asks that the Court order the Defendant to prepare a *Vaughn* index. A *Vaughn* index is a document that correlates all withholdings with specific FOIA exemptions and the agency's specific nondisclosure justifications. *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C.

Cir. 1973). A traditional *Vaughn* index is not necessary, however, so long as the defendant "provide[s] a relatively detailed justification [for a withholding], specifically identif[ies] the reasons why a particular exemption is relevant[,] and correlat[es] those claims with the particular part of a withheld document to which they apply." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977). A defendant can do so via "supporting affidavits." *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 146 (D.C. Cir. 2006).

Additionally, a defendant can employ a coded approach, whereby the defendant breaks FOIA exemptions down into several categories, assigns code designations to those categories, explains those designations, and identifies on redacted copies of partially withheld documents the codes applicable to particular withholdings. *See, e.g.*, *Queen v. Gonzales*, No. 96-cv-1387, 2005 WL 3204160, at *3 (D.D.C. Nov. 15, 2005). However, because such "coded commentary supplies little information beyond that which can be gleaned from context," a coded approach often does not provide the Court with enough information to evaluate withholdings "where there exists wholesale deletions of numerous pages." *Coleman v. Fed. Bureau of Investigation*, No. 89-cv-2773, 1991 WL 333709, at *4 (D.D.C. Apr. 3, 1991), *aff'd* No. 92-5040, 1992 WL 373976 (D.C. Cir. Dec. 4, 1992). Instead, where whole pages have been withheld but the filing of a more fulsome public explanation of those withholdings would reveal the very information sought to be withheld, a defendant may explain such withholdings through *in camera* submissions, if further explanation is needed. *See Lykins v. U.S. Dep't of Justice*, 725 F.2d 1455, 1464 (D.C. Cir. 1984) (recognizing situations where "the government may be unable to divulge more information publicly without giving away the information it is trying to withhold"). In such situations, "the [public] description and explanation the agency offers should reveal as much

detail as possible as to the nature of the document, without actually disclosing information that deserves protection." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

In this case, the Defendants have employed a coded approach, which is explained in the affidavit of David M. Hardy, the Section Chief of the Record/Information Dissemination Section of the Records Management Division of the Federal Bureau of Investigation. 2d Decl. of David M. Hardy ¶¶ 1, 42–44, ECF No. 19-2 [hereinafter Hardy Decl.]. Employing that approach, the Defendants publicly filed a copy of the release made to the Plaintiff with codes explaining individual redactions on the pages of those documents. *See* Hardy Decl. Ex. Z, ECF Nos. 19-4 to 19–5. Under the standards discussed above, this approach appears to satisfy the requirements of *Vaughn* with respect to partial withholdings.[1] The Plaintiff's motion to compel the production of a traditional *Vaughn* index will therefore be denied.

However, the Defendants also withheld several pages in their entirety. *See* Ex. Z. Most of those whole-page withholdings are easily justified as duplicative of other pages that were at least partially released. *See Kishore v. U.S. Dep't of Justice*, No. 07-cv-1299, 2008 WL 4853413, at *1 (D.D.C. 2008) ("The FBI's withholding of duplicates of five released pages is immaterial to the FOIA claim . . . ."). But the Defendants also withheld an 11-page span based on FOIA exemptions 3, 6, and 7(C) and (D). *See* Ex. Z at Awan-49 to Awan-59. The Defendants assert that they have publicly released all that they can about these pages without identifying "the material sought to be protected." Hardy Decl. ¶ 42. To evaluate the legitimacy

---

[1] The Court notes, however, that "even where information has been only partially withheld, such that the FBI has provided a partially redacted document for reference, the released text of the documents does not always provide sufficient context to evaluate the withheld material." *Schoenman v. Fed. Bureau of Investigation*, 604 F. Supp. 2d 174, 198 (D.D.C. 2009). The Court may, of course, upon consideration of the Defendant's motion for summary judgment, still conclude that the Defendants' withholdings have not been justified.

of this withholding without compromising the protection of that information, the Court will order *in camera* inspection.

Accordingly, it is hereby

**ORDERED** that the motion to compel the production of a traditional *Vaughn* index, contained in Plaintiff's Response to Defendants' Reply in Support of Motion for Summary Judgment, ECF No. 27, is **DENIED**; and it is

**FURTHER ORDERED** that the Defendants shall, within 15 days, file under seal for *in camera* inspection either an additional affidavit in support of its withholding of pages Awan-49 through Awan-59 of Exhibit Z of the Second Declaration of David M. Hardy Exhibit Z, a copy of those pages, or both.

**SO ORDERED** this 13th day of July, 2011.

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge