# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AWAN,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES<br>DEPARTMENT OF JUSTICE, *et al.*,<br><br>              Defendants. | Civil Action No. 10-1100 (BAH/JMF)<br><br>Judge Beryl A. Howell |

## MEMORANDUM OPINION

The plaintiff Khalid Awan, who is proceeding *pro se,* brought this action to challenge the responses of the Federal Bureau of Investigation ("FBI") to his requests for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. On May 22, 2013, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R"), ECF No. 48, granting in part and deferring in part the defendants' motion for summary judgment, ECF No. 19. *See* Mem. Op. & Order, ECF No. 64. Based on the declarations supporting the defendants' initial summary judgment motion and the parties' supplemental filings, for the reasons set forth below, the defendants' motion for summary judgment is granted in part and denied in part on the remaining issues previously deferred, and the defendants are directed to release, in part, the previously withheld affidavit supporting a material witness warrant application.

## I.    BACKGROUND

The factual and procedural history of this case is briefly summarized below to help clarify the limited issues subject to resolution in this Memorandum Opinion.

1

## A. Factual History

On December 10, 2008, the plaintiff requested from the FBI copies of the following documents:

1. the arrest warrant and affidavits in support of his arrest as a material witness in 2001;
2. the search warrant and affidavit in support of the search warrant for storage lockers number 1238 and 2303 located in New York;
3. a copy of the permissions and approvals obtained by the FBI for wiretaps from 2003-2004; and
4. the receipt or details of any cash seized by the FBI on October 25, 2001, including copies of travelers checks and bank receipts.

Second Decl. of David M. Hardy ("Second Hardy Decl.") ¶ 11, ECF No. 19-2.[1] The plaintiff's subsequent requests forming the basis of this action are variations of the foregoing request and collectively seek the same types of records. *See id.* ¶ 23 (describing the basis of this lawsuit as the plaintiff's FOIA requests dated April 21, 2009, April 23, 2009, and May 11, 2009, seeking substantially the same records); Compl. ¶¶ 10–12, ECF No. 1 (noting that same request had also been made in letters, dated March 16, 2009, June 16, 2009 and August 3, 2009).

In response to the plaintiff's FOIA requests at issue in this suit, the FBI has released documents to the plaintiff both before and after this lawsuit was filed: on April 30, 2009, Second Hardy Decl. ¶¶ 10; 12; Exs. I; J; on January 14, 2011, *id.* ¶ 24; Ex. Y; and on May 9, 2012, Third

---

[1] Although the first item in the plaintiff's FOIA request seeks the warrant and affidavit filed in the Southern District of New York in support of his arrest as a material witness, he was not arrested on this warrant, which was vacated. *See* Pl.'s Resp. Defs.' Suppl. Decl., Ex. B, ECF No. 65. Instead, the plaintiff was arrested for and pleaded guilty to credit card fraud, in violation of 18 U.S.C. § 1029, for which he was sentenced, in October, 2004, in the Eastern District of New York, to a term of imprisonment of 60 months. *See Awan v. United States*, 2012 U.S. Dist. LEXIS 92350, at *1–2 (E.D.N.Y. June 28, 2012) (summarizing background of plaintiff's convictions); *Awan v. United States*, 2009 U.S. Dist. LEXIS 92353, at *1–3 (E.D.N.Y. Sept. 30, 2009) (same). While serving this sentence, in 2006, the plaintiff was indicted and convicted after trial of conspiracy to provide and providing material support to a terrorist organization and money laundering in promotion of terrorism, in violation of 18 U.S.C. §§ 2339A and 956(a)(2)(A), for which he was sentenced, in October 2007, also in the Eastern District of New York, to 168 months' imprisonment. *See United States v. Awan*, 607 F.3d 306, 309–310 (2d Cir. 2010) (summarizing background of plaintiff's convictions); *Awan v. Lapin*, 2010 U.S. Dist. LEXIS 24974, at *1–2 (E.D.N.Y. Mar. 17, 2010) (same); *Awan v. United States*, 2009 U.S. Dist. LEXIS 92353, at *1–3 (E.D.N.Y. Sept. 30, 2009) (same). During his incarceration, the plaintiff has been "a frequent FOIA requestor who has submitted numerous requests which are similar in nature." Second Hardy Decl. at 2 n. 4.

Decl. of David M. Hardy ("Third Hardy Decl.") ¶ 7, ECF No. 58-1.  In total, the FBI located seventy responsive pages, of which thirty-six pages were released (four in full and thierty-four pages in part), eleven pages were withheld in full, and twenty-one pages were withheld as duplicates.  Second Hardy Decl. ¶ 4.  In addition, on May 9, 2012, the FBI released, in part, a five-page document, dated "8/18/2004," related to consensually taped recordings of the plaintiff.  Third Hardy Decl. ¶ 7; Ex. A.  See Pl.'s Resp. Defs.' Supp. Decl. at 1, ECF No. 65 (acknowledging that "the FBI has released a lot of previously requested documents to the Plaintiff").

## B. Procedural History

The plaintiff filed this lawsuit on June 29, 2010, challenging the adequacy of the FBI search since the agency declined to search its "I-drives," Compl. ¶¶ 16; 18; 21, and failing to disclose requested records related to items 1, 2, and 3 of his FOIA request, *id*. ¶ 29.[2]  In the course of this litigation, the FBI has identified the bases for the withholding of information in the various releases made to the plaintiff as under FOIA Exemptions 3, 5, 6, 7(C), 7(D) and 7(E) and subsection (j)(2) of the Privacy Act, 5 U.S.C. § 552a.  Second Hardy Decl. ¶ 5.

---

[2] The FBI has released the financial records requested in item 4 of the plaintiff's FOIA request so that part of his request is not at issue in this litigation.  See Compl. ¶ 14 (noting that plaintiff "received . . . pages related to financial records"); Mag. J. Report & Recommendation regarding Defs.' Mot. Summ. J. ("R&R") at 2–3, ECF No. 48 (noting that FBI has provided plaintiff with documents related to item 4 of his request).  The plaintiff has nonetheless persisted in requesting "copies of travellers' [sic] checks seized by the FBI on October 25, 2001," and of "receipt of cash seized," asserting that he has not received these documents.  Pl.'s Resp. Defs.' Suppl. Decl. at 3; Pl.'s Resp. Defs.' Reply Pl.'s Resp. Defs.' Suppl. Decl. at 5, ECF No. 69.  The defendants have supplied the plaintiff with duplicate copies of the responsive records, Defs.' Reply Pl.'s Resp. Defs.' Suppl. Decl., at 6 n.3; Ex. 2, ECF No. 67, and no more is required.  To the extent that the defendants did not uncover in the FBI's search and therefore did not release the precise document, which the plaintiff requested, wanted, or was expecting, does not mean the search was inadequate.  See Ancient Coin Collectors Guild v. U.S. Dep't of State, 641 F.3d 504, 514 (D.C. Cir. 2011) ("'[I]t is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate.'" (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)) (citations omitted); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 67–68 n.13 (D.C. Cir. 1990) (finding "insufficient to raise a material question of fact with respect to the adequacy of the agency's search" that "agency did not find responsive documents that appellant claims must exist").

After the filing of the defendants' motion for summary judgment,[3] the plaintiff filed two motions: (1) a motion to compel the defendants to answer discovery requests, Pl.'s Mot. Compel, ECF No. 26, in response to which the defendants filed a motion for a protective order, Defs.' Mot. Protective Order, ECF No. 29; and (2) a motion for "an ORDER directing the Defendants to create a list of documents, describing each document located by a general description and date of creation, and file location, in response to his FOIA request," Pl.'s Resp. Defs.' Reply Suppl. Mot. Summ. J. at 2, ECF No. 27.[4] As to the first motion, the Court denied the plaintiff's motion to compel the defendants to respond to his discovery requests and granted the defendants' request for a protective order. *Awan v. U.S. Dep't of Justice*, 2011 U.S. Dist. LEXIS 76457, at *5 (D.D.C. July 13, 2011). The Court also denied the plaintiff's second motion seeking to compel the production of a *Vaughn* index, but noted that the defendants had withheld "an 11-page span based on FOIA Exemptions 3, 6, 7(C) and (D)" without describing the pages in a declaration or otherwise. *Awan v. U.S. Dep't of Justice*, 2011 U.S. Dist. LEXIS 76455, at *5–6 (D.D.C. July 13, 2011). Consequently, the Court ordered the defendants to submit for *in camera* inspection an additional declaration explaining the withholding of Bates-stamped pages Awan-49 through Awan-59, the pages themselves, or both.[5] *Id*. In compliance with this order, the FBI submitted *in camera* to the Court a declaration of David M. Hardy and the requested pages Awan-49 through Awan-59. *See* Nots. of *In Camera* Submission, ECF Nos. 38; 71. These pages are "the application dated October 23, 2001, for the material witness warrant," which is one of the documents sought in the plaintiff's FOIA request. Mag. J. Report & Recommendation

---

[3] This case was reassigned, on January 20, 2011, to the current presiding Judge shortly before the filing of the defendants' dispositive motion.
[4] The Court construed the plaintiff's request, which was set out in his opposition to the defendants' motion for summary judgment, as a motion to compel the production of a traditional *Vaughn* index.
[5] The plaintiff also moved for appointment of counsel, Pl.'s Mot. Appt. Counsel, ECF No. 37, which was denied, Mem. Op. & Order (Oct. 14, 2011), ECF No. 41.

regarding Defs.' Mot. Summ. J. ("R&R") at 5, ECF No. 48.

### 1. *The R&R*

Following referral, the Magistrate Judge assigned to this case issued a report and recommendation on February 24, 2012, ECF No. 48. The R&R summarized the plaintiff's contention as bearing "solely on the FBI's not finding the 2001 affidavit and warrant for his 2001 arrest, the warrant and supporting affidavits for the search of the two storage lockers, and the 'wire-tapping affidavit/warrant for plaintiff's 2003 and 2004 case.'" R&R at 4 (quoting Compl. ¶ 10). The R&R concluded, based on "[f]amiliarity with the docket and facts of plaintiff's criminal case," that "each [requested] document . . . can be accounted for in one way or another, so plaintiff's challenge to the FBI's sufficiency of its search and his complaint that it should have searched the 'I-drive' have been rendered moot." *Id*. Consequently, the R&R recommended that the defendants' motion for summary judgment on the adequacy of the search be granted. *Id*. at 13.

With respect to the portion of the FOIA request for wiretap affidavits and warrants, the R&R concluded that "there were never any 'wiretaps' because the recorded conversations that were admitted into evidence in the plaintiff's criminal case were recorded with the consent of the informant to whom plaintiff was talking." *Id*. at 4; *see id*. at 7–9 (discussing why "The Wiretap Application Does Not Exist"). This fact was fully disclosed in the plaintiff's prior criminal case, prompting the observation in the R&R that the "plaintiff has sent the FBI on a wild goose chase and wasted this Court's time by having the FBI search for what he knows or should know does not exist." *Id*. at 9.

Notwithstanding that the plaintiff's request was for "wiretapping affidavit," Compl. ¶ 10, the FBI released to the plaintiff redacted documents relating to the consensual taped recordings,

5

as to which the plaintiff challenged the bases for withholdings.[6] The R&R recommended upholding the FBI's contested application of Exemption 5 to information redacted from two released pages, AWAN-25 and AWAN 63, as protected by the attorney-client privilege. *Id*. at 11–12. In addition, the R&R noted that the defendants had withdrawn their Exemption 2 claim, "released the only page that had been withheld solely on the basis of [that] exemption," *id*. at 10–11, and that the plaintiff had not challenged—thus conceding—the defendants' application of Exemption 6 to certain redacted material. *Id*. at 12.

In rejecting the plaintiff's challenge to claimed Exemptions 7(C) and 7(E), which exempt from disclosure information that "could reasonably be expected to constitute an unwarranted invasion of personal privacy," or "disclose techniques . . . used in law enforcement investigations or prosecutions . . . or risk circumvention of the law," respectively, *see* 5 U.S.C. §§ 552(b)(7)(C); (E), the R&R reiterated that the documents produced to the plaintiff "were not in fact the documents requested, as, with regard to the 'wiretaps' they simply do not exist." *Id*. at 13. Consequently, the plaintiff's "challenge to these exemptions must fail as they do not in any way address the actual documents produced, or their contents." *Id*.

The R&R further addressed the plaintiff's counter to the defendants' invocation of Exemption 7(D), which exempts from disclosure information that "could reasonably be expected to disclose the identity of a confidential source [and] information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). According to the plaintiff, "all informants and confidential sources testified at plaintiff's criminal case and therefore have placed their identities in the public domain." R&R at 13. The R&R noted that a published opinion issued in connection with the

---

[6] Indeed, the R&R determined that "all of the documents relating to the consensually taped recordings" were not responsive to the plaintiff's request for the non-existent "wiretapping applications and supporting affidavits." R&R at 9–10. Nevertheless, in an attempt "to bring this matter to an end," the R&R proceeded to address the plaintiff's challenge to the withholdings. *Id*. at 10.

plaintiff's second conviction "identified by name the person who recorded his conversations with plaintiff," but it was unclear whether that was the same "person whose name has been excerpted from the documents." *Id*. (referring to *United States v. Awan*, No. 06-CR-0154, 2007 WL 749739, at *3 (E.D.N.Y. Mar. 7, 2007), *aff'd*, 384 Fed. App'x 9 (2d Cir. 2010)). The R&R therefore recommended that the defendants "ascertain whether the expurgated name" was that of the person identified in the judicial opinion. *Id*. at 13.

Finally, with respect to the remaining requested documents—namely, the applications for a material witness warrant and storage locker search warrants—the R&R noted that they "are still under seal." *Id*. at 5; 7. The R&R recommended that the defendants "must be first provided with the opportunity to establish that the sealing order prohibits the disclosure plaintiff seeks," *id*. at 5 (citing *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195, 199 n.5 (D.C. Cir. 1991)), but if this could not be established, the defendants would still be "entitled to claim any exemptions with reference to the documents that are subject to the sealing orders." *Id*. Hence, the R&R recommended that any discussion of Exemptions applicable to the sealed records be "postponed until the defendants first speak to the consequences of plaintiff's FOIA request pertaining to the sealed documents." *Id*.

In sum, the R&R recommended granting the defendants' summary judgment motion "insofar as plaintiff complains of the inadequacy of the search for the documents and insofar as he seeks 'wiretap' information." *Id*. at 13. The R&R otherwise recommended holding the motion in abeyance pending the defendants' responses to the following questions: (1) whether a sealing order issued by the Eastern District of New York prohibits disclosure of the material witness warrant application and the search warrant applications pertaining to two storage lockers, and (2) whether a redacted name is that of "the informant who recorded his conversations with

7

plaintiff and who is identified in Judge Sifton's opinion." R&R at 13–14.

### 2. *Resolution of the Plaintiff's Objections to the R&R*

The plaintiff objected to the R&R's finding regarding the adequacy of the search, contending that no consideration was given to "plaintiff's request for printouts of the indices of the records system (I/S-drive)," Pl.'s Objs. to R&R Pursuant to 72(a) ("Pl.'s Objs.") at 2, ECF No. 50, and that the defendants had "failed to adequately search the FBI's I and S drive system," Pl.'s Reply Defs.' Opp'n Pl.'s Objs. ("Pl.'s Objs. Reply") at 1, ECF No. 60. The Court overruled the plaintiff's objections, first, because they concerned information that was beyond the scope of the underlying FOIA request and, second, because "the plaintiff ha[d] not objected to the Magistrate Judge's description of the requested documents" and the Magistrate Judge's finding that the search question was moot since each requested document "can be accounted for in one way or another." Mem. Op. & Order at 2, ECF No. 64. The Court adopted the R&R, thereby granting partial summary judgment to the defendants on the claims based on the adequacy of the defendants' search and the defendants' response to the requested wiretap information. *See id.*, *generally*.

Meanwhile, the defendants have filed the Third Hardy Declaration, addressing the issues raised in the R&R about the sealed documents and redacted name.

## II. LEGAL STANDARD

The FOIA confers jurisdiction on the district court to compel an agency to release "improperly withheld" records. *Morgan*, 923 F.2d at 196 (internal quotation marks omitted). An improper withholding does not occur, and the FOIA does not apply, when documents are withheld pursuant to a court order specifically enjoining their release. This is so because the agency "simply [has] no discretion . . . to exercise" and, thus, "has made no effort to avoid

8

disclosure." *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 386 (1980). As the D.C. Circuit explained in *Morgan*, "respect for the judicial process requires the agency to honor the injunction . . . ." 923 F.2d at 197 (citing *GTE Sylvania, Inc.*, 445 U.S. at 386–87). Therefore, "the proper test for determining whether an agency improperly withholds records under seal is whether the seal, like an injunction, *prohibits* the agency from disclosing the records." *Id.* (emphasis in original).

The burden of demonstrating that the responsive records were placed under seal with the intent to prohibit their disclosure rests with the agency. *Id.* at 198. Merely stating that responsive records are subject to a court sealing order is insufficient to demonstrate that "the court issued the seal with the intent to prohibit the agency from disclosing the records," as required under the *Morgan* standard. *See Morgan*, 923 F.2d at 198 ("If the [agency] obtains a clarifying order stating that the seal prohibits disclosure, the [agency] is obviously entitled to summary judgment."); *see also Jennings v. FBI*, 2004 U.S. Dist. LEXIS 31951, at *19–21 (D.D.C. May 6, 2004) (denying summary judgment where agency "has not provided any details regarding the sealing order"); *Senate of Commw. of P.R. v. U.S. Dep't of Justice*, 1993 U.S. Dist. LEXIS 12162, at *17–19 (D.D.C. Aug. 24, 1993) (same); *Concepcion v. FBI*, 699 F. Supp. 2d 106, 111–114 (D.D.C. 2010) (same). The agency may satisfy its burden under *Morgan* by referring to (1) the sealing order itself; (2) extrinsic evidence, such as papers filed with the sealing court that provide the rationale for the sealing; (3) sealing orders of the same court in similar cases that explain the purpose of the imposition of the seals; or (4) the court's general rules of procedures governing the imposition of seals. *Morgan*, 923 F.2d at 198; *Concepcion*, 699 F. Supp. 2d at 111. Upon finding that the sealing order does prohibit the agency from releasing the records, the agency is entitled to summary judgment on its withholding of the

records. *Morgan*, 923 F.2d at 198.

## III. DISCUSSION

Pending before the Court is the portion of the defendants' motion for summary judgment held in abeyance regarding the propriety of the withholding of (1) two sealed documents, namely, the FBI's sealed affidavit filed in the Eastern District of New York in support of a search warrant for two storage lockers and the FBI's sealed affidavit filed in the Southern District of New York in support of a material witness warrant; and (2) a redacted name of a confidential informant. *See* R&R at 6–7; Third Hardy Decl. ¶ 8. These remaining issues are addressed *seriatim* below.

### A. Withholding of Sealed Documents

#### 1. *Sealed Storage Locker Search Warrant Affidavit*

The defendants have supplied an order from Magistrate Judge William D. Wall of the Eastern District of New York clarifying that the sealing order with regard to the search warrant application for the two storage lockers "was intended to prohibit the disclosure of the sealed documents, including the FBI affidavit, under the [FOIA]." Defs.' Reply Pl.'s Resp. Defs' Suppl. Decl. Ex. 1, ECF No. 67-1. "If the DOJ obtains a clarifying order stating that the seal prohibits disclosure, the DOJ is obviously entitled to summary judgment." *Morgan*, 923 F.2d at 198. Hence, the Court will grant summary judgment to the defendants on their withholding of the storage locker search warrant affidavit since no improper withholding has occurred.[7]

---

[7] Presumably, the plaintiff may seek to unseal the documents by filing a motion in the Eastern District of New York and, if successful, submit a new FOIA request to the agency. *See, e.g., In re Application of the United States for Material Witness Warrant*, 214 F. Supp. 2d 356, 357–58 (S.D.N.Y. 2002) ("[A] subordinate issue here is whether anything regarding these proceedings [placed under seal as ancillary to a grand jury investigation] should remain sealed"). Nevertheless, the FBI has asserted that it is unable to locate the affidavit underlying the search warrant for the two storage lockers. Third Hardy Decl. ¶ 8.

10

### 2. *Sealed Material Witness Warrant Affidavit*

The plaintiff requested "the arrest warrant and affidavits in support of his arrest as a material witness in 2001."[8] R&R at 2. The defendants contend that the affidavit in support of the material witness warrant is properly withheld because it remains under seal and, alternatively, under FOIA Exemption 3 based on Rule 6(e) of the Federal Rules of Criminal Procedure. *See* Defs.' Reply Pl.'s Resp. Defs.' Suppl. Decl. ("Defs.' Reply") at 3; 5 n.2, ECF No. 67.

#### a. *Sufficiency of Sealing Order Under Morgan Standard*

First, the defendants' declarant states that the application for a material witness warrant "was submitted to and sealed by the . . . Southern District of New York," Third Hardy Decl. ¶ 8, but the defendants have not produced an order clarifying the sealing of this document. Hence, they must demonstrate by other means that "the court issued the seal with the intent to prohibit the DOJ from disclosing [the information] as long as the seal remains in effect." *Morgan*, 923 F.2d at 198. In doing so, as noted, the defendants may refer to various sources including:

> (1) the sealing order itself; (2) extrinsic evidence, such as transcripts and papers filed with the sealing court, casting light on the factors that motivated the court to impose the seal; (3) sealing orders of the same court in similar cases that explain the purpose for the imposition of the seals; or (4) the court's general rules or procedures governing the imposition of seals.

*Id.* (footnote omitted).

The defendants reviewed the sealing court's local rules and contacted the U.S. Attorney's Office for the Southern District of New York. Third Hardy Decl. ¶ 8. The local rules provided

---

[8] In a recent filing, the plaintiff placed in the record the material witness arrest warrant and an order vacating the warrant. Pl.'s Resp. Defs.' Suppl. Decl. Ex. B, ECF No. 65. The issuing judge in the Southern District of New York directed that the "order [vacating the warrant] [] be filed under seal and disclosed only to the parties and the United States Marshal pursuant to Fed. R. Crim. 6(e)," *id.*, which may explain how the plaintiff is in possession of this warrant and order. In any event, the plaintiff's request for the arrest warrant appears to be moot. Thus, the Court will focus only on the supporting affidavit.

no guidance, and the U.S. Attorney's Office "located the 2001 file containing the affidavit" but located "no record . . . explaining the reason for the issuance of the sealing order." *Id*. The defendants' declarant states "that it was standard operating procedure after the September 2001 terrorist attacks to seal these type of records," and that he has "been informed that the document remains under seal." *Id*. *See also* R&R at 1–2 (recounting the plaintiff's support of a Pakistani terrorist group that led to his convictions) (citing *United States v. Awan*, No. CR-06-0154, 2007 WL 749739, at *1 (E.D.N.Y. Mar. 7, 2007), *aff'd*, 384 Fed. App'x 9 (2d Cir. 2010)). In addition, the defendants have cited a ruling in a case from the same circuit, *United States v. Abdel Sattar*, No. 02 CR 395, 2002 WL 1836755 (S.D.N.Y. Aug. 12, 2002), which is similar only to the extent that, like the plaintiff, the defendants were charged with providing material support to a terrorist organization. In that case, however, the issue before the court in the Southern District of New York was whether to hold an evidentiary hearing regarding how a sealed search warrant ended up in the public record. *See id*. at *7–8. In denying a co-defendant's motion for the hearing, the court noted "[t]he government requested that the original search warrants and affidavits remain under seal, and the Court granted that request . . . . [I]n fact, the record indicates that the government has consistently maintained an interest in preserving all of these materials under seal." *Id.* at *8.

Contrary to the defendants' suggestion, *see* Defs.' Reply at 4–5, the foregoing statements regarding the "government['s]" interest shed no light on the *court's* intent or purpose behind the sealing order at issue here, and the defendants' declaration is similarly unhelpful. Hence, the Court finds that the defendants have not established the Southern District's sealing order as a proper basis for withholding the over decade old material witness warrant affidavit under the FOIA. *See Concepcion*, 699 F. Supp. 2d at 112 (finding defendant's arguments unpersuasive

12

where "[t]he Sealing Order itself presents no rationale for its issuance . . . and the defendant presents no transcript or other documentation to cast light on the factors that motivated the court to impose the seal.") (citing *Morgan*, 923 F.2d at 198)).

### b. Application of FOIA Exemption 3

The defendants have argued in the alternative that the material witness warrant affidavit is exempt from disclosure under FOIA Exemption 3. *See* Defs.' Reply at 5 n.2 (referring to argument set forth at Mem. Supp. Defs.' Mot. Summ. J. at 11–12, ECF No. 19). Exemption 3 applies to matters "specifically exempted from disclosure by statute . . . if that statute" either (1) "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue," or (2) "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3). "Federal Rule of Criminal Procedure 6(e) . . . prohibits certain persons from 'disclos[ing] a matter occurring before [a] grand jury,'" . . . and that rule counts as a statute for purposes of Exemption 3, as it has been positively enacted by Congress." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1113 (D.C. Cir. 2007) (quoting FED. R. CRIM. P. 6(e)(2)(B)) (other citations omitted).

Rule 6(e) does not preclude disclosure of all grand jury information but rather bars disclosure of information that "would tend to reveal some secret aspect of the grand jury's investigation." *Id.* (citation and internal quotation marks omitted). This includes such matters as "the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *Senate of the Commw. of P.R. v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)); *see, e.g., Lopez v. U.S. Dep't of Justice*, 393 F.3d 1345, 1350–51 (D.C. Cir. 2005) (determining that "[a]ll grand jury subpoenas (be they

13

*ad testificandum* or *duces tecum*)" are protected from disclosure while the dates on which a prosecutor conducted a preliminary interview of a potential grand jury witness would not necessarily reveal a secret aspect of the grand jury and, thus, might not be protected); *see also Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 331 F.3d 918, 948–49 (D.C. Cir. 2003) (Tatel, J., dissenting) (noting that Rule 6(e) forbids disclosure of names of persons detained on material witness warrants "who have actually testified before grand juries" and those who are likely to testify but not necessarily those "who have neither testified before grand juries nor are scheduled to do so," or those "who were released without ever having testified").

The defendants' declarant states generally that disclosure of any information withheld under Exemption 3 would reveal a secret aspect of the grand jury that investigated the September 11, 2011, terrorist attacks and, thus, would violate Rule 6(e). Second Hardy Decl. ¶ 47. He also states that "[i]n the investigative files responsive to plaintiff's request, only that information *which explicitly discloses matters occurring* before a Federal Grand Jury had been withheld pursuant to Exemption (b)(3)." *Id*. (emphasis supplied). After careful review of the affidavit supporting the material witness warrant *in camera,* the Court finds not only that it is not a grand jury document but that it contains no information tending to reveal a secret aspect of the grand jury's investigation. The affidavit explains why the FBI's affiant "believe[d]" that the plaintiff's testimony "will be material to the grand jury's investigation" of the September 11 attacks, but it neither identifies a grand jury witness nor reveals any grand jury testimony.

An earlier observation about the treatment of similar records appears equally applicable here: "the Government's reliance on grand jury secrecy rules to justify withholding the identities of material witnesses is fundamentally wrong as a matter of law" and "deeply troubling." *Ctr. for Nat'l Sec. Studies v. U.S. Dep't of Justice*, 215 F. Supp. 2d 94, 106 (D.D.C. 2002), *aff'd in*

14

*relevant part*, 331 F.3d 918 (D.C. Cir. 2003). It was noted in that case that "[a] person apprehended as a material witness is *not* accused of any crime but, instead, has been arrested because it is believed that his . . . 'testimony is material in a criminal proceeding.'" *Id.* (quoting 18 U.S.C. § 3144) (emphasis in original). Rule (6)(e) "does not bar disclosure of the identities of persons detained as material witnesses," and this Court agrees that where the identities of persons held on material witness warrants and grand jury witnesses might overlap, "the Government can reveal the names of material witnesses [if not exempt under other exemptions] without revealing any information about their status as grand jury witnesses." *Id*. *See also Morrow v. District of Columbia*, 417 F.2d 728, 741–742 (D.C. Cir. 1969) ("The requirement that arrest books be open to the public is to prevent any 'secret arrests,' a concept odious to a democratic society."); *In re Material Witness Warrant*, 214 F. Supp. 2d at 363–364 (S.D.N.Y. 2002) ("While grand jury secrecy is mandated by law, see FED. R. CRIM. P. 6(e)(5)&(6), the determination to jail a person pending his appearance before a grand jury is presumptively public, for no free society can long tolerate secret arrests.").

In addition, the first four pages of the withheld document (AWAN 49-52) consist of background information about the September 11, 2001 events that, even if grand jury material, is so "sufficiently widely known that it has lost its character as Rule 6(e) material." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)); *see id*. ("Our case law . . . reflects the common-sense proposition that secrecy is no longer 'necessary' when the contents of grand jury matters have become public."); *see also Ctr. for Nat'l Sec. Studies*, 215 F. Supp. 2d at 96 (describing September 11, 2001, as "truly a day of infamy in our national history" and recounting the government's "massive effort to investigate, identify and apprehend those who were responsible

15

and to protect the American public against further attacks of this nature."). Furthermore, some of the remaining information is, and was at the time of the plaintiff's FOIA request in 2008, a matter of public record. *See United States v. Awan*, 2007 WL 749739, at *1–2 (recounting background of the plaintiff's convictions). Accordingly, the Court denies summary judgment to the defendants on their invocation of Exemption 3 to justify withholding the material witness warrant affidavit.

In addition to invoking Exemption 3, however, the defendants have invoked Exemptions 6, 7(C), and 7(D) to protect from disclosure the names and other identifying information of third-party individuals appearing in the material witness warrant affidavit, including the names of an FBI Special Agent, the names and identifying information of third parties mentioned, and the names and identifying information of individuals who provided information under an express assurance of confidentiality. Second Hardy Decl. ¶¶ 55–59; 62–63; 71–72; *id.* Ex. Z at 18, ECF No. 19-5. For reasons discussed more fully below, in Part III.B., the Court agrees that such information is exempt. Indeed, the plaintiff has made clear that he "is not seeking identification of the informants in his case [and] [s]uch request was never expressly requested." Pl.'s Mem. Supp. Suppl. Mot. Pl.'s Opp'n Defs.' Mot. Summ. J. ("Pl.'s Suppl. Mem.") at 15, ECF No. 40.

Therefore, the defendants are ordered to release only such information contained in the material witness warrant affidavit that was withheld *solely* under Exemption 3.

### B. Redacted Names are Properly Withheld

The plaintiff posited in opposing summary judgment that the "informants and confidential sources in the instant matter testified at [his] trial" and, "as such, have placed their identities in the public domain as well as having expressly waived any protections afforded by a confidential agreement." Pl.'s Suppl. Mem. at 16. The R&R appears to have accepted this

16

conclusion and focused on "the name of the person identified as the person whose conversations with plaintiff were recorded and who is identified in [Judge Sifton's] opinion." R&R at 13. Without addressing any other redacted name, the R&R ordered "the defendants to ascertain whether the expurgated name is" the same person mentioned by name in the opinion "and if he is, why his identity is not known and in the public domain and why his name should be expurgated from the copies of the documents given plaintiff." *Id*.

As a general rule under the FOIA, "an individual does not waive privacy rights merely by testifying at a trial." *Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (collecting cases). Under the public domain doctrine, otherwise exempt information "lose[s] [its] protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). This doctrine, however, applies only to information that has been "officially acknowledg[ed]," i.e., made public through an official and documented disclosure. *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007). To prevail on the "public domain" exception to the FOIA, a plaintiff must "point[] to 'specific information in the public domain that appears to duplicate that being withheld.'" *Elec. Privacy Info. Ctr. v. NSA*, 678 F.3d 926, 933 (D.C. Cir. 2012) (quoting *Wolf*, 473 F.3d at 378); *accord Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990); *Afshar v. U.S. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983); *see also Cottone*, 193 F.3d at 555 (affirming withholding of audio tapes produced during pretrial proceedings but not played in open court or otherwise placed in the public record).

The R&R did not find that the plaintiff had met his initial burden of showing prior disclosure, nor could this finding be derived from the plaintiff's conclusory assertions. Furthermore, the plaintiff did not claim, let alone show, that the FBI had "officially acknowledg[ed]" the existence of the informants and confidential sources he claims testified at

17

his trial or that those witnesses were the same individuals whose names were redacted in any document released to the plaintiff. *See Wolf*, 473 F.3d at 378. The Court therefore finds that the R&R erroneously shifted the plaintiff's burden to the defendants and hereby sets aside this part of the R&R.

Moreover, the Court finds that the defendants have properly justified redacting under FOIA Exemptions 6 and 7(C) the name of a third-party individual who provided information to the FBI during the criminal investigation, but will address only the latter Exemption since the responsive records were compiled for law enforcement purposes.[9] *See* Second Hardy Decl. ¶¶ 52; 60–61. It is established that absent an overriding public interest, which the plaintiff has not shown here, third-party identifying information is "categorically exempt" from disclosure under Exemption 7(C). *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995); *see Schrecker v. U.S. Dep't of Justice*, 349 F.3d 657, 661 (D.C. Cir. 2003) (citing cases that have "consistently supported nondisclosure of names or other information identifying [third-party] individuals appearing in law enforcement records, including investigators, suspects, witnesses, and informants").

In addition, the Court finds that the defendants have properly justified redacting the name of a confidential informant under Exemption 7(D), which shields from disclosure information that "could reasonably be expected to disclose the identity of a confidential source . . . and, in the case of a record or information compiled by criminal law enforcement authority [during] a criminal investigation . . . information furnished by a confidential source." 5 U.S.C. § 552(b)(7)(D). The defendants redacted the name based on an express grant of confidentiality, *see*

---

[9] *See Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) (finding "no need to consider Exemption 6 separately [where] all information that would fall within the scope of Exemption 6 would also be immune from disclosure under Exemption 7(C)").

Second Hardy Decl. ¶¶ 66; 71–75, but, given the nature of the crimes at issue, they could have reasonably justified the redaction based also on an implied grant of confidentiality. *See Mays v. DEA*, 234 F.3d 1324, 1329–31 (D.C. Cir. 2000) (discussing "'generic circumstances in which an implied assurance of confidentiality fairly can be inferred'").

"Once the[] requirements are met, the application of Exemption 7(D) is automatic." *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1281 (D.C. Cir. 1992). Thus, "[e]ven [if] the source testifies in open court. . . he does not thereby waive the [government's] right to invoke Exemption 7(D)" to withhold information that was not disclosed in public. *Id*. The government "is obliged to disclose only the 'exact information' to which the source actually testified." *Id*. (citation omitted). As already determined, the plaintiff has not met his burden of showing what, if any, information was the subject of testimony as his criminal trial. Hence, the Court finds that the defendants are entitled to summary judgment on their redaction of the name of a person, even if that person was named in a judicial opinion, under Exemptions 7(C) and 7(D), as well as their redaction of third-party information from the material witness warrant affidavit.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the defendants are entitled to judgment as a matter of law on their withholding of certain information under FOIA Exemptions 7(C) and 7(D) but not on their complete withholding of the sealed affidavit supporting the material witness warrant under Exemption 3. Accordingly, the Defendants' Motion for Summary Judgment, ECF No. 19, is GRANTED in part and DENIED in part. The defendants shall release, by February 28, 2014, to the plaintiff portions of the material witness warrant application that were previously withheld solely under Exemption 3 and promptly thereafter request entry of judgment pursuant to Fed. R. Civ. P. 58(d).

An appropriate order accompanies this Memorandum Opinion.

Date: January 17, 2014

                                                                                                                 _____
                                                                                                                 BERYL A. HOWELL
                                                                                                                  United States District Judge