# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KHALID AWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 10-1100 (BAH) |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF JUSTICE *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

On May 22, 2013, the Court granted in part and deferred in part Defendants' Motion for Summary Judgment in this action brought under the Freedom of Information Act ("FOIA"). *See* Mem. Op. and Order, ECF No. 64. On January 17, 2014, the Court denied summary judgment to the defendants on the deferred issue regarding the withholding of a sealed affidavit supporting a material witness warrant. The defendants were directed to release portions of the document that were withheld solely under FOIA's Exemption 3 and to request entry of judgment pursuant to Federal Rule of Civil Procedure Rule 58(d). Order, ECF No. 73.

Pending is Defendants' Request for Reconsideration of Summary Judgment With Respect to Material Witness Warrant Affidavit, brought pursuant to Federal Rule of Civil Procedure 54(b), ECF No. 81. The plaintiff has opposed the motion, *see* Pl.'s Objection in Response to Def.'s Request for Recon. of Summ. J. With Respect to Material Witness Warrant Aff., ECF No. 84, and the defendants have replied, ECF No. 86.

**I. RULE 54 STANDARD**

"Denial of a summary judgment motion is an interlocutory order" and "[d]istrict courts have discretion to entertain successive summary judgment motions on the same (or different) grounds." 3 WILLIAM W. SCHWARZER ET AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 14:367 (2013) (emphasis in original). Indeed, a district court may revise any of its interlocutory decisions "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *accord Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997) ("Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment."). Rule 54(b) "recognizes [the district court's] inherent power to reconsider an interlocutory order 'as justice requires.'" *Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (quoting *Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22–23 (1st Cir. 1985)). To determine whether "justice requires" reconsideration, a court may consider, among other possible grounds, whether "a controlling or significant change in the law or facts has occurred since the submission of the issue to the court." *Act Now to Stop War & End Racism Coal. v. District of Columbia* (" *Act Now* "), 286 F.R.D. 117, 125 (D.D.C. 2012) (quoting *Estate of Botvin ex rel. Ellis v. Islamic Republic of Iran*, 772 F. Supp. 2d 218, 223 (D.D.C. 2011)).

**II. DISCUSSION**

The Court determined that the defendants had not shown that an order issued by the Southern District of New York sealing the material witness warrant affidavit prevented disclosure of the document under the FOIA. *See* Jan. 17, 2014 Mem. Op. at 11-13 (following *Morgan v. U.S. Dep't of Justice*, 923 F.2d 195 (D.C. Cir. 1991)). Under *Morgan*, summary

2

judgment is warranted in a FOIA case "[i]f the DOJ obtains a clarifying order stating that the seal prohibits disclosure." *Morgan*, 923 F.2d at 198. This is so because the government's compliance with such an order is not an improper withholding. *See* Jan. 17, 2014 Mem. Op. at 10.

In support of the instant motion to reconsider, the defendants have supplied an order issued by the Southern District of New York on April 13, 2014, stating that the material witness warrant application "was sealed with the intent to prohibit its disclosure, pursuant to Fed. R. Crim. P. 6(e), for as long as the seal remains in effect." Clarifying Order, ECF No. 81-1. The plaintiff counters that he is entitled to the document because he was a party to the criminal action, Pl.'s Opp'n at 2-3, but this argument reflects a basic misunderstanding about the FOIA. Unlike a "constitutionally compelled disclosure to a single party" during discovery in criminal litigation, *Cottone v. Reno*, 193 F.3d 550, 556 (D.C. Cir. 1999), a disclosure of information under the FOIA is a release not only to the requester but to the public at large. *See Clay v. U.S. Dep't of Justice*, 680 F. Supp. 2d 239, 248 (D.D.C. 2010) (rejecting FOIA requester's due process argument "because the FOIA is not a substitute for discovery rules which govern civil and criminal litigation where 'different considerations' are at issue") (quoting *Stonehill v. IRS*, 558 F.3d 534, 538 (D.C. Cir. 2009)).

In light of the recently obtained Clarifying Order, the Court concludes that the government's withholding of the material witness warrant affidavit in compliance with the sealing order does not constitute an improper withholding under the FOIA. Accordingly, the Court will grant the defendants' motion for reconsideration, vacate the order directing partial

release of the material witness warrant affidavit, and enter judgment for the defendants on all claims. A separate final order accompanies this Memorandum Opinion.

                                                    /s/ *Beryl A. Howell*
                                                 UNITED STATES DISTRICT JUDGE

DATE:    June 5, 2014